**RICHARD J. PETERSEN, Plaintiff**

v.

**CARAMBOLA BEACH RESORT AND GOLF CLUB, INC.,**
**Defendant**

Civil No. 1989-215

District Court of the Virgin Islands

Div. of St. Croix

May 8, 1991

RHYS S. HODGE, ESQ., St. Thomas, V.I. and MICHAEL A. JOSEPH, ESQ., Christiansted, V.I., *for plaintiff*

MICHAEL C. DUNSTON, ESQ. (LAW OFFICES OF ADRIANE DUDLEY), St. Thomas, V.I., *for defendant*

BROTMAN, *Acting Chief Judge, Sitting by Designation*

## MEMORANDUM and ORDER

THIS CAUSE is before the Court on defendant Carambola Beach Resort and Golf Club's ("Carambola") motion to dismiss, and Plaintiff's motion for leave to file an amended complaint correcting the name of the defendant to Davis Beach Co. d/b/a Carambola, and adding Bodkin Development Corp. ("Bodkin"), and Fairfield V.I., Inc. ("Fairfield") as defendants in the action. For the reasons stated below, defendant's motion to dismiss is denied, and plaintiff's motion for leave to file an amended complaint is granted in part, and denied in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Richard J. Petersen was injured December 6, 1987 while walking on the grounds of Carambola on the island of St. Croix, U.S. Virgin Islands. Plaintiff filed suit for damages against "Carambola Beach Resort and Golf Club, Inc." on September 6, 1989. Defendant moved to dismiss on December 27, 1989 for failure to name the proper party and incapacity to be sued. Plaintiff failed to respond to the motion to dismiss within the five days permitted by the Virgin Islands Code.[1]

On January 19, 1990 Judge Broderick, sitting by designation, ordered plaintiff to respond to defendant's motion to dismiss within 10 days. Plaintiff failed to file a response to the motion to dismiss within the 10 days ordered by the court. On February 23, 1990, 25 days after the time within which the plaintiff was ordered to respond, plaintiff filed a response in opposition to the motion to dismiss, and for leave to amend the complaint to correct the name of the defendant to Carambola Beach Resort and Golf Club, Inc. d/b/a Davis Beach Co. Finally, on March 21, 1991, plaintiff filed a second motion to amend the complaint to correct the name of the defendant to Davis Beach Co. d/b/a Carambola, and adding Bodkin, and Fairfield as defendants.

### II. ANALYSIS

Defendant moves the Court to dismiss this case on the grounds that plaintiff has failed to name the proper party, and that Caram-

---

[1] See 5 V.I.C. App. R.6(f).

272

bola is only a trade name without the capacity to be sued. The statute of limitations on plaintiff's claim expired December 6, 1989. If the motion to dismiss is granted, plaintiff's cause of action will be extinguished. However, if plaintiff's request for leave to file an amended complaint is granted and the amendment relates back, pursuant to Rule 15(c) of the Fed. R. Civ. P., to the filing of the original complaint, defendant's motion to dismiss shall fail.

■ Relation back of an amendment pursuant to Rule 15(c) is dependent upon the following four factors, all of which must be satisfied:

> (1) The basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Schiavone v. Fortune, aka Time, Inc., 477 U.S. 21, 29 (1986).

The first requirement is satisfied as to all the proposed defendants. Plaintiff does not allege any new causes of action. However, as to the second, third, and fourth requirements of Rule 15(c) plaintiff's motion to amend is satisfied as to Davis Beach Co., but not as to Bodkin and Fairfield.

Plaintiff initiated the lawsuit by filing a complaint, and serving it on Attorney Winston Hodge, allegedly as the registered agent of the named defendant. The certificate for trade name filed with the office of the Lt. Governor of the Virgin Islands lists Winston Hodge Esq. as the registered agent for Davis Beach Co. doing business in the Virgin Islands as Carambola Beach Resort and Golf Club. After being served, Attorney Winston Hodge wrote a letter to counsel for plaintiff, Attorneys Michael Joseph and Rhys Hodge, on September 12, 1989, stating that the complaint had been tendered to Carambola's insurer, and requesting an additional 30 days for Carambola to respond to the complaint. On December 27, 1989, Attorney Michael Dunston moved to dismiss the complaint.

Carambola asserts that it will be prejudiced because the former managers of the hotel have left, making it impossible to obtain knowledge of the facts plaintiff alleges.[2] Carambola also claims that

---

[2] Affidavit of S. Lee Bowden at 2.

Hurricane Hugo caused extreme damage requiring extensive landscaping changes to the area where plaintiff's injury occurred, compounding the difficulty in determining the physical condition of the scene of the accident.

Carambola's insurance company has been involved in the defense of the lawsuit since at least October 5, 1989, one month after the original complaint was filed.[3] Whether Carambola or Davis Beach Co. contracted with the insurance company is irrelevant. The claim investigation began promptly following the filing of the action.

■ Defendant correctly states that the granting of a motion under Rule 15(c) is within the discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962); Coventry v. U.S. Steel Corp., 856 F.2d 514, 519–520 (3d Cir. 1988). While the court acknowledges counsel for plaintiff's errors in pleading, "rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15." Heyl & Patterson Inter., Inc. v. Gov't. of the Virgin Islands, 633 F.2d 419, 426 (3d Cir. 1981). Lawsuits should be decided on their merits.

Carambola and Davis Beach Co. will not be prejudiced by permitting plaintiff's amended complaint to relate back to the date of the filing of the original complaint. Carambola would have changed its management, and repaired the hurricane damage regardless of whether the parties were named properly in the initial complaint. Davis Beach Co.'s resident agent, Attorney Winston Hodge, received service of the original complaint within the statute of limitations period. Further, the insurance company which is defending the action had adequate notice of the complaint, and began a timely investigation.

Davis Beach Co., a partnership, is the owner and proprietor of the business of Carambola. Bodkin and Fairfield may be the partners of Davis Beach Co, but it is Davis Beach Co. that is doing business as Carambola, and is the party in interest. Bodkin and Fairfield are not proper parties to the action, and in any event, are now confronted with a negligence claim over three years after the event occurred. Permitting plaintiff to add Bodkin and Fairfield as defendants at this late date would be prejudicial, and is unwarranted under Rule 15(c).

---

[3] See Plaintiff's Opposition to Motion for Summary Judgment, Exhibit 4.

## III. CONCLUSION

■■ Carambola, and Davis Beach Co. will not be prejudiced if plaintiff is permitted to amend the complaint. Plaintiff's motion for leave to amend its complaint to correct the name of the defendant to Davis Beach Co. d/b/a Carambola Beach Resort and Golf Club will be granted. Plaintiff's request to add Fairfield and Bodkin as defendants shall be denied. Defendant's motion to dismiss shall be denied.

## ORDER

THIS MATTER having come before the Court on Defendant's motion to dismiss, and Plaintiff's motion for leave to file an amended complaint; and

The court having considered the submissions of the parties, and

For the reasons set forth in the court's opinion of this date;

IT IS ORDERED:

THAT defendant's motion to dismiss be DENIED; and

THAT plaintiff's motion for leave to correct the name of defendant to Davis Beach Co. d/b/a Carambola Beach Resort and Golf Club is GRANTED; and

THAT plaintiff's motion to add Bodkin Development Corp., and Fairfield V.I., Inc. is DENIED; and

THAT the caption in this action shall be amended as shown above to reflect the court's order of this date.

IT IS SO ORDERED.